UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fagen, Inc. and Platinum Ethanol LLC,

                Plaintiffs,

v.

GreenShift Corporation and GS Cleantech Corporation,

                Defendants.

Civ. No. 11-1050 (RHK/JJK)
**ORDER TO SHOW CAUSE**

---

    This matter is before the Court *sua sponte*.

    Plaintiffs Fagen, Inc. ("Fagen") and Platinum Ethanol LLC ("Platinum") commenced this breach-of-contract action in Yellow Medicine County, Minnesota District Court against Defendants GreenShift Corporation and GS Cleantech Corporation (collectively "Defendants"). Invoking diversity jurisdiction, Defendants removed the action to this Court. In their Notice of Removal, Defendants assert that they are Delaware corporations with their principal places of business in New York. They further assert that Fagen is a Minnesota corporation with its principal place of business in Minnesota and that Platinum is "an Iowa limited liability company with its principal place of business in Arthur, Iowa, and, upon information and belief, is a citizen of the State of Iowa."

    As the parties invoking the Court's jurisdiction, Defendants bear the burden of alleging facts sufficient to establish the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so requires them to allege

"with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). They have failed to do so here.

Platinum is a limited liability company, not a corporation. A limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Here, neither the Complaint nor the Notice of Removal contains any information about the citizenship of Platinum's members – indeed, no members have been identified at all. Nor is Defendants' conclusory assertion that Platinum, "upon information and belief, is a citizen of the State of Iowa," sufficient to establish diversity. See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992) (*per curiam*); Virtual Worlds, LLC v. Seaboard Int'l Energy Corp., No. CV 10-4432 PA, 2010 WL 2553468, at *2 (C.D. Cal. June 18, 2010) ("Because [the] [r]emoving [d]efendant has alleged [the] [p]laintiff's citizenship on 'information and belief,' the Notice of Removal's allegations are insufficient to establish [the] [p]laintiff's citizenship."). Accordingly, the Court cannot determine from the Complaint or the Notice of Removal whether diversity jurisdiction exists in this case.[1]

---

[1] Defendants should not be heard to complain that they lack sufficient information at this juncture to adequately allege the citizenship of Platinum's members. By removing this action, they were required to have a good-faith basis to invoke diversity jurisdiction. See Fed. R. Civ. P. 11. Hence, courts routinely require the party invoking jurisdiction, at the pleading stage, to adequately allege the citizenship of an LLC party's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No.

- 3 -

Based on the foregoing, **IT IS ORDERED** that Defendants shall **SHOW CAUSE** in writing, on or before May 16, 2011, why this action should not be remanded for lack of subject-matter jurisdiction.

Date:  April 25, 2011

s/Richard H. Kyle  
RICHARD H. KYLE  
United States District Judge

---

4:08-CV-87, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).